Dickman, J.
On the 18th day of November, 1872, George W. Griffith, for value received, made his two promissory notes' of that date, for $156 each, to Jacob Matheny or order, payable respectively in three and four years after date, with interest from date, payable annually. Both notes bore the indorsement: “ Protest waived- J. S. Matheny, G. F. Castle.” Matheny, and Castle, the plaintiff in error, *493 purchased a house and lot in Columbus, Ohio, of Samuel S. Rickly, one of the defendants in error, and these notes were transferred to him as part of the purchase-money. Upon non-payment of the notes by the maker at maturity, an action was brought by Rickly on each note against Griffith, Matheny, and Castle, in the court of common pleas for Franklin county, but the two cases were consolidated, and Griffith and Matheny being in default for demurrer or answer, the ease as consolidated was tried on the issues made by an amended petition and the answer of Castle thereto- The notes were taken by Rickly several days after they were executed and delivered to the payee, to wit, about December 10, 1872. Although the payee had indorsed them, Rickly before taking them, required, for additional security, that Castle should also^put his name on the back thereof. Castle accordingly, and before the notes had matured, signed his name thereon under that of the payee; the notes were then delivered to Rickly, and the real estate transaction was consummated. On the trial in the common pleas, evidence was offiered by the defendant tending to show that the words “ protest waived ” were put on the notes by Matheny, some considerable time after their delivery to Rickly as part payment for the real estate, and that Castle had no knowledge thereof until after the original action was brought.
Among other things, the court charged the jury as follows :
1st. “The instruments sued-on in this action are not foreign notes, but are inland notes, . . . but it was necessary, at maturity, to demand payment of the maker, and on his failure to promptly pay the same, to give immediate notice of such demand and dishonor to the indorsers, unless demand and notice of such non-payment had been waived.”
2d. “But, whether he” (the defendant, Castle) “was indorser or guarantor, the nature of his undertaking was such that he was entitled to have notice of demand and *494 non-payment of said notes, the same as if he was a mere indorser; and if no such notice was given to him, the plaintiff' can not recover, unless you should find, from the evidence, that the words ‘ protest waived ’ were on said notes at the time the said Castle indorsed them, or that they were subsequently placed there by his authority.”
But the court refused to give the following in charge to the jury, as requested by the plaintiff, to wit:
“If you should find, from the evidence, that the said Castle did not indorse said notes, by writing his name on the back thereof, under the words ‘ protest waived, ’ or at the same time, and as part of the same transaction, he did not write, or there was not written over his name the words ■ protest waived; ’ yet, if you should find, from the evidence, that the said Castle indorsed said notes, by writing his name upon the back thereof, in blank, after the execution of said notes, and that the said Castle was not an original party to the notes, but a stranger, this would constitute an absolute and unconditional guaranty of said notes by the said Castle; and the said Castle, having made no defense to said guaranty, he would be liable, as guarantor of said notes, without notice to him of demand and non-payment, or protest, and your verdict must then be for the plaintiff, finding the amount due the plaintiff from said defendant, Castle, on said notes.”
To which charge and refusal to charge the plaintiff at the time excepted. A verdict was -returned in favor of Castle. A motion for á new trial being overruled, judgment was entered on the verdict, and a bill of exceptions, embodying all the evidence adduced on the trial, was allowed and made part of the record. The district court reversed the judgment of the common pleas, for error in its charge, and refusal to charge the jury as requested, and remanded the cause for a new trial. This proceeding is instituted to reverse the judgment of the district court.
It is not claimed that the plaintiff in error ever had notice of any demand of payment on the maker of the *495 paper in question and of its dishonor. The jury was doubtless satisfied that Castle had not expressly waived demand and notice; that he had not adopted the words of waiver put on the note by Matheny. From the charge of the court and its refusal to charge as requested, the jury could not but find that Castle had the rights of an indorser, and was entitled to have notice of demand and non-payment of the notes, and that the plaintiff upon his failure to give such notice could not recover. The question therefore arises, whether Castle is tobe regarded as an indorser of negotiable paper, with the liabilities and rights incident to such an .engagement, or a guarantor, whose guaranty was of ouch nature as to render it unnecessary to prove either demand or notice in order to make out a prima facie case for'recovery.
We are of opinion that the plaintiff in error was such a guarantor. It was held in Champion v. Griffith, 13 Ohio, 228, and afterward approved in Robinson v. Abell, 17 Ohio, 36, that the mere indorsement upon a note of a stranger’s name in blank is prima facie evideuce of guaranty— there being no proof that his indorsement was made at the time of the making of the note. This presumption, it is true, may be overcome by parol evidence that a different agreement was intended. Oldham v. Broom, 28 Ohio St. 52; Kelley v. Few, 18 Ohio, 441; Bright v. Carpenter, 9 Ohio, 139; Champion v. Griffith, supra; Robinson v. Abell, supra. But the evidence, as disclosed by the record, shows that Castle’s name was not put upon the notes at the time of their' execution or before they were drawn, and so he could not be charged-as an original promisor. He was a stranger to the paper — his name not being thereon — at the time it was first offered to'Rickly in part payment for the real estate. Not then being in the chain of title, having no ownership in the notes, he cpuld not, in the capacity of indorser, vest title thereto in an indorsee. Matheny, the payee, was at the time in possession of and the sole owner of the notes, and was the only person competent as an indorser to enter into the contract implied in the act of indorsement, namely, *496 that he hada good title to the Instruments. As an indorser, lie did not transfer the paper to .Castle, who might in turn indorse it to pass title, but Matheny by indorsement vested title directly in Rickly, with no indorsee intervening. Rickly, however, demanded other security than a recourse to those who were parties to the paper, and therefore required that Castle, a stranger to the paper, should place his name upon its back, and thus add strength and credit to it, and render it more easy of circulation. Castle, in signing his name under that of the payee and indorser, assumed the obligation of a guarantor, and did not contract to pay the notes if dishonored, only upon condition that they would be duly presented for payment at maturity, and due notice would be given to him of the dishonor. The rule as laid down by Judge Story is, that if subsequently to the time when the note is made a party iudorsos it, not being a regular indorsee from or under any of the antecedent parties, he will be deemed a guarantor, if there be a sufficient consideration. Story on Prom. Notes, see. 133.
The guaranty of the plaintiff in error was not dependent on any condition or contingency expressed in or implied from the terms of his contract. In legal effect, it was as absolute and unconditional as if he had written on the back of each note, “ I guarantee the payment of the within note” — words held in Clay v. Edgerton, 19 Ohio St. 549, to be an absolute and unconditional guaranty, and vrhich rendered it unnecessary to aver or prove either demand or notice, in order to make out a prima facie case for recovery. As said in Neil v. Trustees, etc., 31 Ohio St. 15, “a breach of the agreement of the guarantor results from the nonpayment of the debt.” There being no condition, as regards presentment or notice, implied in the terms of such a guaranty, the guarantor must inquire of his principal, or take notice of his default, at his peril. By such guaranty, the guarantor is not made a party to the note, and his contract, unlike that of an indorser, is governed by the rules of the common law, and not by those peculiar to the law *497 merchant. “It is an undertaking to do a certain thing in a certain specific event. The event is a default in the payment of the bill or note by the parties. When this happens, the liability of the guarantor,.by the terms of his guaranty, is complete.” Story on Prom. Notes (7th ed.) 628, note by Thorndike. In accordance with the aforegoing considerations, we are of opinion that the judgment of the district court should be affirmed.

Judgment accordingly.